IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                     **Case No. 11-40044-14-RDR**

AGUSTIN RAMIREZ-VILLA,

        Defendant.

### O R D E R

This case is before the court upon defendant's pro se motion to dismiss for lack of territorial jurisdiction. Doc. No. 109. Defendant is charged with conspiracy to distribute methamphetamine. His motion argues that the court does not have authority to hear this case because the federal government's authority in these matters is limited to land acquired by the federal government or where jurisdiction has been ceded by the states to the federal government.

The court rejects this argument. In general, the authority of this court to hear cases charging a violation of the federal drug laws is well-established, even when the drug law violation involves purely local activity. See Gonzales v. Raich, 545 U.S. 1, 15 (2005); see also, 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). In addition, Article I, Section 8 of the United States Constitution grants to

Congress the power to create, define and punish crimes irrespective of where they are committed.  <u>U.S. v. Mundt</u>, 29 F.3d 233, 237 (6th Cir. 1994); <u>U.S. v. Collins</u>, 920 F.2d 619, 629 (10th Cir. 1990) <u>cert. denied</u>, 500 U.S. 920 (1991).  A similar challenge to the court's "territorial jurisdiction" was specifically rejected by the Tenth Circuit in <u>U.S v. Lampley</u>, 127 F.3d 1231, 1245-46 (10th Cir. 1997) <u>cert. denied</u>, 522 U.S. 1137 (1998) where the court stated:

> Defendants . . . challenge . . . the original jurisdiction of the federal district court to prosecute crimes committed within the States.  Their principal argument is that the States are sovereign and the federal government is not authorized to prosecute crimes committed within their borders.  The Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States.

See also, <u>U.S. v. Deering</u>, 179 F.3d 592, 597 (8th Cir.) <u>cert. denied</u>, 528 U.S. 945 (1999); <u>U.S. v. D'Armond</u>, 65 F.Supp.2d 1189, 1197-98 (D.Kan. 1999).

Finally, the court instructs defendant that he should file motions through his court-appointed counsel.  His counsel should be his representative before the court.  He is not entitled to represent himself and to have court-appointed counsel.  See <u>U.S. v. McKinley</u>, 58 F.3d 1475, 1480 (10th Cir. 1995)(no right to a "hybrid form of representation").  In the future, the court may reject motions filed by defendant if they are not presented by defendant's appointed counsel.

In conclusion, defendant's pro se motion to dismiss for lack of territorial jurisdiction shall be denied.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2011 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge