IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 11-40044-14-RDR**

AGUSTIN RAMIREZ-VILLA,

        Defendant.

## O R D E R

This case is before the court upon defendant's pro se "'Affidavit' [-] Notice of Challenge of Jurisdiction For Lack of Access to Article III Courts." Doc. No. 201. The court shall treat this pleading as a motion to dismiss for lack of jurisdiction. Defendant has filed several such challenges in this case.

Defendant appears to claim in this document that this court is not an Article III court which has jurisdiction to consider the charges against defendant. This is incorrect. In U.S. v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007) cert. denied, 552 U.S. 1211 (2008), the Tenth Circuit rejected a similar challenge stating:

> Mr. Chisum contends that the district court erred in denying his motions to dismiss for lack of jurisdiction. He claims that the federal district court for the Eastern District of Oklahoma is "incapable of acting by Article III judicial powers within the State of Oklahoma's sovereign territory and without the federal zone." . . . We rejected this "hackneyed tax protester refrain" 17 years ago in United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), and we do so again today. The district court did not err in denying Mr. Chisum's motions to dismiss for lack of jurisdiction.

See also, Smith v. Kitchen, 156 F.3d 1025, 1029-30 (10th Cir. 1997) (rejecting what appears to be a similar argument "cobbled together [from] stray quotations" and finding that the district court for the District of Colorado is an Article III court); U.S. v. Dawes, 161 Fed.Appx. 742 at *1 (10th Cir. 2005) (in appeal from the District of Kansas, Tenth Circuit states that the district court judge was "an Article III judge" and that the "district court did have Article III judicial power").

Based upon this authority and the previous orders from this court which have rejected defendant's jurisdictional challenges, the court shall deny defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2011 at Topeka, Kansas.

                                   s/Richard D. Rogers
                                   United States District Judge